IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THOMAS CROCKETT                                                              PETITIONER

v.                    NO. 5:17-cv-00231 DPM/PSH

WENDY KELLEY, Director of the                                               RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In 1987, petitioner Thomas Crockett ("Crockett") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in <u>Crockett v. Lockhart</u>, PB-C-87-341. <u>See</u> Docket Entry 1, Exhibit 1. In the petition, he maintained that his 1983 Phillips County, Arkansas, guilty plea should be set aside for the following reasons: 1) the plea was involuntary and not intelligently entered, 2) it was the result of a coerced confession, 3) the plea was obtained in violation of his right against self-incrimination, and 4) his trial attorney was ineffective. United States Magistrate Judge H. David Young denied the petition and dismissed PB-C-87-341.[1] Judge Young found that Crockett's first three claims were procedurally barred from federal court review, and his fourth claim had no merit. Crockett appealed, but the Court of Appeals dismissed the appeal as frivolous.

On September 5, 2017, Crockett filed a submission he identified as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). <u>See</u> Docket Entry 1. In the submission, he alleged the following:

> ... [T]his application [is filed] pursuant to Federal Rule[] of Civil Procedure ... 60(b) requesting this Court reopen the previously decided habeas petition in Crockett v. Lockhart, Case No. PB-C-87-341. Petitioner seeks to have the Court vacate its Order denying habeas corpus relief for the purpose of correcting a defect in the manner in which the original habeas petition was initially decided. Specifically, (1) Petitioner asserts that a wrongful finding of a procedural bar was entered in this case; (2) even if a procedural bar was proper, new rules of the Supreme Court establish cause and prejudice for overcoming the bar; and (3) Schlup v. Delo serves a gateway through which any procedurally-barred claim can now be heard due to actual innocence. Schlup had not been decided at the time of the instant habeas petition. The Court also issued final judgment on the petition prior to the Supreme Court decision in Williams v. Taylor, ...

---

[1] The Clerk of the Court shall file in this case a copy of Judge Young's memorandum opinion and order in PB-C-87-341 and a copy of the judgment he entered dismissing that case.

2

> As explained herein, Petitioner is entitled to relief from this Court's Order denying habeas relief under provisions of Rule 60(b)(6), and his application should not be considered a second or successive petition as it is not inconsistent with 28 U.S.C. Section 2244(b).

See Docket Entry 1 at CM/ECF 1-2. (Emphasis omitted). Crockett asked that PB-C-87-341 be reopened and a hearing be held on his first three claims pursuant to Trevino v. Thaler, 569 U.S. —, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), and a hearing be held on his fourth claim pursuant to Trevino v. Thaler and Schlup v. Delo, 513 U.S. 298 (1995).[2]

Upon receiving Crockett's submission, the Clerk of the Court did not file it as a motion pursuant to Rule 60(b)(6). Instead, the Clerk of the Court opened this case—a new case—and filed the submission as a petition pursuant to 28 U.S.C. 2254.

Crockett soon discovered that his submission had not been filed in PB-C-87-341 as a motion pursuant to Rule 60(b)(6) but had been filed in this case as a petition pursuant to 28 U.S.C. 2254. He then filed the pending motion to clarify. See Docket Entry 2. In the motion, he alleged the following:

> Petitioner had previously filed a Motion for Relief from Judgment Pursuant to Rule 60(b)(6) seeking to have this Court reopen the previously decided habeas petition in Case No. PB-C-87-341. Petitioner had alleged that a wrongful finding of a procedural bar was imposed and that based on Schlup v. Delo, as well as other cases decided since the final decision in his case, he was entitled to habeas relief.

---

[2]  In Trevino v. Thaler, the United States Supreme Court extended the holding in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). In those cases, the Supreme Court held that "a federal habeas court may excuse a procedural default of a substantial ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." See Sasser v. Hobbs, 745 F.3d 896, 897 (8th Cir. 2014). Schlup v. Delo stands for the proposition that a showing of actual innocence can serve as a gateway through which a petitioner can obtain federal court review of an otherwise procedurally barred claim.

3

> On September 5, 2017, the motion was filed, but was restyled as a habeas petition. This is erroneous, in that Petitioner never intended for it to be labeled as such. In fact, he is aware of the requirements for filing a successive petition, but he specifically asked the Court to not consider this motion as one.
>
> Petitioner seeks clarification from this Court as to whether it will treat the Rule 60(b) motion as a new habeas or a successive one. If it was erroneously labeled a habeas, Petitioner asks that the record be altered to indicate that this is a Rule 60(b) motion. Otherwise, in the alternative, if the Court is not treating this as a successive petition, but rather as a new one, he asks the Court to stay the instant motion and allow the Petitioner to file a detailed habeas and brief in support to raise claims that he could not raise in a 60(b) motion.
>
> If, in fact, the Court is treating this as a successive habeas, he [1] moves the Court to allow him to brief the matter more fully to expound on why the instant motion should not be treated ... as such or [2] he be allowed to petition the Eighth Circuit Court of Appeals for permission to file a successive petition.

See Docket Entry 2 at CM/ECF 1-2. (Emphasis omitted).

The construction of Crockett's submission is not a task the undersigned typically undertakes prior to the service of process. In this instance, though, the construction of the submission prior to the service of process is necessary because the undersigned must determine what steps, if any, Crockett must take in order for the submission to be served on the respondent. If the submission is construed as a motion pursuant to Rule 60(b)(6), a filing fee or an application to proceed in forma pauperis is not required, the submission should be filed in PB-C-87-341, and this case should be dismissed without prejudice. If, however, the submission is construed as a petition pursuant to 28 U.S.C. 2254, he must either pay the filing fee or submit an application to proceed in forma pauperis. To the extent he seeks a construction of his submission prior to the service of process, his motion is granted.

In Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009), the Court of Appeals offered the following guidance in determining whether a petitioner's submission is a motion pursuant to Rule 60(b)(6) or a petition pursuant to 28 U.S.C. 2254:

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." Gonzalez, 545 U.S. at 530 … "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. 2254(a) and (d)." Id. at 532 n. 4 … When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532 … Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n. 4. This reasoning is illustrated in Gonzalez, in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition. Id. at 535-36 …

Here, Crockett's submission does not contain a "claim" as that term is defined in Ward v. Norris. The undersigned so finds for two reasons. First, the submission does not contain an asserted federal basis for relief from a state court's judgment of conviction. Second, the submission does not contain an attack on the federal court's previous resolution of his claims "on the merits." Crockett instead maintains that Judge Young's procedural bar determination—a determination that precluded a merits determination on Crockett's first three claims in PB-C-87-341—was erroneous and

5

should be re-visited, particularly in light of subsequent decisions from the United States Supreme Court. With respect to Crockett's fourth claim, a challenge to counsel's ineffectiveness, Crockett's reliance upon <u>Trevino v. Thaler</u> and <u>Schlup v. Delo</u> in his submission is nonsensical because the claim was rejected "on the merits" and not on a procedural ground. Because Crockett's submission does not contain a "claim," it should therefore be construed as a motion pursuant to Rule 60(b)(6) and not as a petition pursuant to 28 U.S.C. 2254.

In summary, then, Crockett's motion for clarification is granted. <u>See</u> Docket Entry 2. The undersigned recommends that Crockett's submission—Docket Entry 1—be construed as a motion pursuant to Rule 60(b)(6). The submission should be filed in PB-C-87-341 as a motion pursuant to Rule 60(b)(6), and this case should be dismissed without prejudice.

DATED this 16th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE